# Exhibit H



450 Seventh Ave
Suite 1408
New York, NY 10123

Danielle P. Light
T. 212.643.6677
F. 347.491.4048
dlight@hasbanilight.com

*Licensed in NY & NJ*

May 5, 2022

**Via E-Mail to zvi@storchlawpc.com**
Storch Law, P.C.
Zvi Storch, Esq.
26 Court Street #1200
Brooklyn, New York 11242

RE: Article 13, LLC vs. Lisa Maria Abbott, et al.
Index No.: 1:21-cv-00436-ek-rer

Dear Mr. Storch:

In accordance with the Safe Harbor provisions of F.R.C.P. Rule 11, counsel for Article 13, LLC ("Plaintiff") submits this letter to demand that Defendant, Van Buren Group, Inc., ("Defendant") withdraws the First, Second, Fourth, Sixth, Eighth, and Ninth affirmative defenses set forth in the Answer (hereinafter the "Affirmative Defenses") filed on May 14, 2021 at Docket Entry No. 16. If the Affirmative Defenses are not withdrawn within 21 days of your receipt of this letter, Plaintiff will seek sanctions pursuant to Rule 11.

Rule 11 provides, in relevant part:

b) By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, [that]

\* \* \*

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

\* \* \*

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

**Defendant's First, Second, Sixth, and Ninth Affirmative Defenses**

The Defendant's Answer sets forth the following Affirmative Defenses:

- First Affirmative Defense: Plaintiff failed to serve a Notice of Default on the Defendant.
- Second Affirmative Defense: Plaintiff failed to serve a Notice of Default on the Defendant.
- Sixth Affirmative Defense: Plaintiff failed to comply with RPAPL §1303 and §1304 by failing to serve these notices on the Defendant.
- Ninth Affirmative Defense: Defendant is entitled to recover attorney's fees in defending this action pursuant to NYRPL §282.

The First and Second Affirmative Defense

As to the First and Second Affirmative Defense, the Notice of Default, or "breach letter", is a clause included in most mortgages which requires a lender to send a Notice of Default to *mortgagors* prior to commencing a foreclosure process. However, to the extent that Notice of Default terms are reflected in a mortgage agreement, this requirement is not extended to non-mortgagors. As your client is not a signing party on either of the loan documents, let alone the mortgage, the Defendant lacks standing entirely to raise this defense.

The Sixth Affirmative Defense

RPAPL §1304 provides, in relevant part, that "at least ninety days before a lender, an assignee, or a mortgage loan servicer commences legal action against the borrower, including mortgage foreclosure, such lender, assignee, or mortgage loan servicer shall give notice to the borrower". *See* RPAPL §1304. The notice need only be sent to a borrower who is personally liable for the debt. *See US Bank v. Hasan*, 42 Misc. 3d 1221(A), 986 N.Y.S.2d 869 (Sup. Ct. 2014); *Charles Schwab Bank v. Winitch*, 179 A.D.3d 1003, 117 N.Y.S.3d 307 (2020); *Aurora Loan Servs., LLC v. Komarovsky*, 151 A.D.3d 924, 928, 58 N.Y.S.3d 96; *Aurora Loan Servs., LLC v. Weisblum*, 85 A.D.3d at 105, 923 N.Y.S.2d 609).

Here, your client, Van Buren Group, Inc., did not sign the Note that is the subject of this action and as a result, your client is not a borrower on the loan deeming it personally liable for the debt owed. As such, the Plaintiff was never obligated to serve the non-borrower Defendants with a copy of the RPAPL §1304 notices. Therefore, the Defendant lacks standing to raise this defense.

Furthermore, RPAPL §1303 reflects that the "foreclosing party in a mortgage foreclosure action involving residential real property shall provide notice to (a) any mortgagor if the action relates to an owner-occupied one-to-four family dwelling; and (b) any tenant of a dwelling unit in accordance with the provisions of this section". *See* RPAPL §1303. A mortgagor is deemed a party named under the subject line in the mortgage. *See Charles Schwab Bank v. Winitch*, 179 A.D.3d 1003, 117 N.Y.S.3d 307 (2020).

As your client is not a party named on the mortgage document that is the subject of this action, the Defendant was not entitled to receive a §1303 notice from the Plaintiff. Thus, your client lacks standing to make any of the defenses raised in the Sixth Affirmative Defense.

### The Ninth Affirmative Defense

NYRPL §282 allows a mortgagee to recover attorneys' fees and/or expenses in a foreclosure action when the action and expenses are incurred as a result of a borrower's failure to perform any covenant or agreement contained in the mortgage. Most recently, the right to recover these fees were extended *to a borrower* "in the successful defense of any action or proceeding commenced by the lender against the borrower arising out of the contract". *See NRZ Pass-Through Trust IV v. Rouge*, 2021 WL 465982 (N.Y. Sup. Ct. Feb. 9, 2021).

As set forth above, the Defendant is not a borrower on the loan and therefore lacks standing to raise this argument.

Based on the foregoing, we demand that you withdraw the First, Sixth, and Ninth Affirmative Defense as the Defendant lacks standing, and demand that the Second Affirmative Defense be withdrawn as it is both duplicative and the Defendant lacks standing.

**Defendant's Fourth Affirmative Defense**

The Defendant's Fourth Affirmative defense recites:

- "that the Defendant, under the mortgage, has the right to have the enforcement of the security instrument discontinued at any time before the sale of the property upon certain conditions . . . the Defendant demands judgment for a permanent injunction enjoining any foreclosure sale under the terms of the note and mortgage . . . and seeks judgment directing Plaintiff to discontinue this action upon the payment of a stated sum".

It is unclear what legal defense the Defendant is attempting to raise; but it is entirely inconsequential. New York law is clear that a defendant in a foreclosure action has the right to exercise the Right of Redemption at any time prior to sale of the property by paying, into the court, the amount due for principal and interest and the costs of the action, together with the proceedings to sell, if any. *See* RPAPL §1341.

At this time, the Defendant has not paid any costs to the Court indicative of having exercised the Right of Redemption. It is not a legal defense, nor a right of the Defendant, to demand an injunction on the instant foreclosure action based on the *mere possibility* that a future payment may be made.

As a result, we demand that you withdraw the Fourth Affirmative Defense as it is frivolous.

**Defendant's Eighth Affirmative Defense**

The Defendant's Eighth Affirmative defense recites:

- "that the Plaintiff agreed to alter the terms of the Note and Mortgage either orally or through its conduct".

No alteration of the subject loan ever existed and as a result, this defense lacks merit. Further, this defense is mere "boilerplate", fails to plead any supporting facts, and is so conclusory in nature so as to deny any notice to the Plaintiff into its basis.

Rule 8 of the Federal Rules of Civil Procedure requires affirmative defenses to be a short and plain statement giving the opposing party fair notice of the defense and the grounds on which it rests. *See* FRCP Rule 8. Conclusory affirmative defenses that merely plead conclusions without any supporting facts are considered boilerplate affirmative defenses subject to dismissal. *See Amazon Properties US, LLC v. Park Ave. Bank*, 43 Misc. 3d 1230(A), 993 N.Y.S.2d 643 (Sup. Ct. 2014); *Fireman's Fund Ins. Co. v. Farrell*, 57 AD3d 721 [2d Dept 2008]. A statement which provides a plaintiff with no notice of what actions he, or another, took which gave rise to the asserted defense will not meet the standard required in federal court, as it prevents the plaintiff from knowledgeably responding. *See Aparicio v. Compass Recovery Grp., LLC*, No. 21-CV-452S, 2021 WL 3684566, at *3 (W.D.N.Y. Aug. 19, 2021).

Here, Van Buren Group, Inc.'s defense is entirely without merit. It fails to identify or place the Plaintiff on notice of any actions or omissions which would support this conclusion, let alone provide any material details to suggest what grounds or evidence exists to support this defense.

Pursuant to Fed R. Civ. P. 11, and in light of the foregoing, we demand the Defendant withdraw the First, Second, Fourth, Sixth, Eighth, and Ninth Affirmative Defense and amend the Answer accordingly within twenty-one (21) days of your receipt of this letter.

Thank you,

*/s/ Danielle P. Light*
Danielle P. Light, Esq.